UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00214-FDW

| | |
|---|---|
| NORMAN D. CHURCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DENNIS DANIELS, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Norman D. Church's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

**I.      BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who pled guilty in Cleveland County Superior Court to one count of possession of a firearm by a convicted felon and one count of having attained habitual felon status. The trial court sentenced him to an active term of imprisonment. Judgment was entered, according to the habeas Petition, in December 2016. (§ 2254 Pet. 1, Doc. No. 1.)

Petitioner did not appeal his judgment. (§ 2254 Pet. 2.) He filed the instant § 2254 Petition on July 23, 2018, when he signed it under penalty of perjury and placed it in the prison mailbox (§ 2254 Pet. 15). See Houston v. Lack, 487 U.S. 266, 267 (1988). Petitioner raises a single ground for relief alleging he was sentenced twice for the same offense in violation of his due process rights and the Double Jeopardy Clause. (§ 2254 Pet. 5; § 2254 Br. 1, Doc. No. 1-1.)

**II.      STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United

1

States District Courts, which directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Court concludes the Petition must be dismissed without prejudice because Petitioner has not exhausted his state court remedies.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 requires that a petitioner exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[1] That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845.

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

Petitioner acknowledges that he did not file a direct appeal challenging his judgment (§ 2254 Pet. 2). That fact is not necessarily fatal to his § 2254 petition, if he exhausted his habeas claims by properly raising them elsewhere in the state courts. According to Petitioner, he has not raised his federal constitutional claims in a post-conviction motion for appropriate relief or a petition for habeas relief in the state trial court. (§ 2254 Pet. 3, 5-6.) Instead, he contends that:

> The Due Process violation in Petitioner's case and also the Invalidity and ERRONIOUS sentencing and procedure exempts him from any further litigation requirement in the state courts. State authorities also deviated from the original contractual (plea) agreement in violation of federal law and is therefore excused from exhaustion requirement.

(§ 2254 Pet. 5.) Petitioner, however, has not identified any existing circumstances that would render either a motion for appropriate relief or a petition for habeas relief in the state trial court ineffective to protect his right to seek redress for the alleged due process and double jeopardy violations. See 28 U.S.C. § 2254(b)(1)( B)(ii). Accordingly, he must exhaust his state court remedies before seeking § 2254 habeas relief. See § 2254(b)(1)(A); O'Sullivan, 526 U.S. at 845.

Because he has not provided the state courts any opportunity to resolve his federal constitutional claims, Petitioner has not exhausted his available state remedies. See O'Sullivan, 526 U.S. at 845. Consequently, the Court shall dismiss the instant habeas Petition without prejudice so that Petitioner may cure the exhaustion defect and seek future habeas relief, if he wishes.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice as unexhausted; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing

of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: July 31, 2018

Frank D. Whitney
Chief United States District Judge